EISNAUGLE, J.
Appellant, William Kempton, appeals a final judgment entered against him and in favor of Appellee, Lawrence McComb, after a jury trial in Appellant's motorcycle-automobile negligence action. Based on the jury's verdict finding that Appellant was 55 percent negligent and Appellee was 45 percent negligent, the trial court applied section 768.36, Florida Statutes (2014), to completely bar recovery by Appellant.
Appellant argues, inter alia , that the trial court erred in applying section 768.36 because the jury's verdict did not indicate, as required by subsection (2)(b), whether Appellant was more than 50 percent at fault "[a]s a result of the influence of [an] alcoholic beverage." We agree with Appellant and reverse on this ground. We otherwise affirm without further discussion.
Section 768.36 creates an "alcohol or drug defense" that completely bars a plaintiff's recovery. To prove the defense, the trier of fact is required to find that "at the time the plaintiff was injured":
(a) The plaintiff was under the influence of any alcoholic beverage or drug to the extent that the plaintiff's normal faculties were impaired or the plaintiff had a blood or breath alcohol level of 0.08 percent or higher; and
(b) As a result of the influence of such alcoholic beverage or drug the plaintiff was more than 50 percent at fault for his or her own harm.
§ 768.36(2), Fla. Stat. (2014).
Here, the jury's verdict found that Appellant was more than 50 percent at fault and that his blood alcohol level was 0.08 or higher at the time of the motor vehicle collision. It did not, however, find that Appellant's fault was "[a]s a result of ... [an] alcoholic beverage" as required by subsection (2)(b).[1]
*1182 If a party intends to rely on section 768.36 as a defense, the jury must make all of the statute's required factual determinations. The verdict form in this case did not give the jury an opportunity to do so. As a result, the trial court erroneously applied section 768.36 to completely bar Appellant's recovery.
We therefore reverse the final judgment and instruct the trial court to render a final judgment that awards damages to Appellant in accordance with the jury's apportionment of fault.
AFFIRMED in part, REVERSED in part, and REMANDED with INSTRUCTIONS.
EVANDER, C.J., and LAMBERT, J., concur.

We note that Appellee introduced a host of evidence at trial, other than evidence of Appellant's intoxication, from which the jury could have determined that Appellant was negligent.